UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK – CENTRAL ISLIP

-------------------------------------------------------------X

In Re:

STELLA A KOROTCHEN,

        Debtor.

-------------------------------------------------------------X

Presentment date: September 24, 2019
Return Time: 10:30 AM

Chapter 13

Case No. 8-13-75857-ast

## NOTICE OF PRESENTMENT OF PROPOSED ORDER APPROVING

## LOAN MODIFICATION BETWEEN DEBTOR AND BANK OF AMERICA, NA

PLEASE TAKE NOTICE that Bank of America, NA, Creditor herein, by its attorney, Jenelle C. Arnold, Esq., will present for signature the annexed Order Approving the Loan Modification between the Debtor and Bank of America, NA, modifying the mortgage encumbering the Debtor's real estate property at 77 Thomas Ln, East Setauket, New York 11733, to the Honorable Alan S. Trust, United States Bankruptcy Judge, at the United States Bankruptcy Court, 290 Federal Plaza, Central Islip, NY 11722, on September 24, 2019 at 10:30 AM.

.

PLEASE TAKE FURTHER NOTICE that Any objection to the proposed action or order shall be in writing, set forth the nature of the objector's interest in the estate, state the reasons and legal basis for the objection, and be served on the proponent and filed at least 7 days prior to the date set for the proposed action or the presentment of the proposed order. The objection and proof of service shall be filed and a courtesy copy shall be provided to chambers. Unless objections are received by that time, the order may be signed.

PLEASE TAKE FURTHER NOTICE that if written objections are timely filed with the Court and received by the undersigned, the Court will notify the moving and objecting parties of the date and time of the hearing. The moving and objecting parties are required to attend said hearing and failure to

attend in person or by counsel may result in relief being granted or denied upon default.


Dated:  August 26, 2019

                                      Aldridge Pite, LLP

                                      */s/ Jenelle C. Arnold*
                                      By: Jenelle C. Arnold, Esq.
                                      *Attorneys for Movant*
                                      40 Marcus Drive, Suite 200
                                      Melville, New York 11747
                                      (631) 454-8059

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK – CENTRAL ISLIP

------------------------------------------------------------X

In Re:

STELLA A KOROTCHEN,

                Debtor.

------------------------------------------------------------X

Presentment date: September 24, 2019
Return Time: 10:30 AM

Chapter 13

Case No. 8-13-75857-ast

## BANK OF AMERICA, NA'S MOTION TO APPROVE LOAN MODIFICATION AGREEMENT

NOW COMES Creditor, BANK OF AMERICA, NA ("Creditor") by its attorney, Jenelle C. Arnold, Esq., submitting the instant Motion to Approve Loan Modification Agreement ("Motion"), and respectfully state the following in support, thereof:

1. On or about November 19, 2013, Debtor filed a voluntary petition for relief, pursuant to Chapter 13 of the Bankruptcy Code.

2. Prior to the commencement of Debtor's case, Debtor was the owner of property located at 77 Thomas Ln, East Setauket, New York 11733 ("Subject Property").

3. Bank of America, NA is either the holder or servicer of a Note and Mortgage pledging the Subject Property as security. A copy of the Note and Mortgage is attached to Creditor's filed Proof of Claim, Claim No. 15.1.

4. During the pendency of her Chapter 13 case, Debtor submitted an application for a loan modification directly with Creditor.

5. Debtor and Creditor negotiated in good faith, having reached an agreement to modify Debtor's mortgage agreement, pursuant to the Home Equity Modification Agreement ("Modification"), dated July 9, 2019. A copy of the Modification has been annexed to this Motion as Exhibit A.

6. A Summary of the Loan Modification is as follows:

UPB: $78,390.28

Initial Interest Rate: 5.25%

Monthly P&I: $778.46

Escrow (subject to change/see Modification): $0.00

Modification PITI: $778.46 (Borrowier must confirm actual payment amount on monthly statements)

First Payment Date: August 20, 2019

Maturity Date: July 20, 2034

6. Bank of America, NA hereby requests that this Court grant Motion to Approve the Modification, and the parties thereto are authorized to perform it according to its terms, subject to any bankruptcy discharge of the Debtor's personal obligations thereunder.

7. Bank of America, NA further requests that Proof of Claim 15.1, filed by Creditor in this case based on the loan and/or mortgage covered by the Modification is deemed modified and governed by the Modification.

**WHEREFORE**, Creditor respectfully requests that this Court enter an Order that (i) authorizes Debtor and Bank of America, NA to enter the attached agreement that modifies Debtor's mortgage, (ii) any timely proof of claim filed in this case based on the loan and/or mortgage covered by the Loan Modification is deemed modified and governed by the Loan Modification, (iii) and for such and further relief as this Court may deem just and property agreement.

Dated: August 26, 2019

                                                  Aldridge Pite, LLP

                                                  */s/ Jenelle C. Arnold*
                                                  By: Jenelle C. Arnold, Esq.
                                                  *Attorneys for Movant*
                                                  40 Marcus Drive, Suite 200
                                                  Melville, New York 11747
                                                  (631) 454-8059

TO:

Debtor
Stella A Korotchen
77 Thomas Lane
East Setauket, NY 11733

Trustee
Marianne DeRosa
Office of the Chapter 13 Trustee
100 Jericho Quadrangle
Suite 127
Jericho, NY 11753
Derosa@ch13mdr.com

Debtor's Counsel
Richard A Jacoby
Jacoby & Jacoby
1737 North Ocean Avenue
Medford, NY 11763
jacobylaw@yahoo.com

After Recording Return To:
Bank of America, N.A.
6860 Argonne St, Unit A
HOME RETENTION
Denver, CO 80249

This document was prepared by Bank of America, N.A.

_____[Space Above This Line For Recording Data]_____

# HOME EQUITY MODIFICATION AGREEMENT

Borrower ("I"):[1] Stella A Korotchen

Original Lender / Beneficiary Lender or Servicer ("Lender"): Bank of America, N.A.

Date of home equity mortgage, deed of trust, or security deed ("Mortgage") and Note or Loan Agreement ("Note"): November 22, 2005
Loan Number: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
Property Address (See Exhibit A for Legal Description if applicable) ("Property"):
77 Thomas Ln, East Setauket, NY 11733
Legal Property Description: 2nd Mortgage 1-4 family conventional residential (detached) R2

If my representations in Section 1 continue to be true in all material respects, then this Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (i) the Mortgage or Deed of Trust ("Mortgage") on the Property, and (ii) the

---

[1] If more than one Borrower or Mortgagor is executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

EXHIBIT A

Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents" and the obligation evidenced by the Loan Documents is referred to as the "Loan." Capitalized terms used in this Agreement and not defined have the meaning given to them in the Loan Documents.

I understand that I must sign, **in front of a notary, and return one notarized copy** of this Agreement to the Lender on or before **July 25, 2019**. This Agreement will not take effect unless the conditions set forth in Section 2 have been satisfied.

1. **My Representations and Covenants.** I certify, represent to Lender and agree:

    A. I am experiencing a financial hardship, and as a result, (i) I am unable to pay my balloon payment due at maturity; and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;

    B. The Property has not been condemned and it is my principal residence;

    C. There has been no impermissible change in the ownership of the Property since I signed the Loan Documents;

    D. I have provided documentation for all income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the Modification program ("Program"));

    E. Under penalty of perjury, any and all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for modification of my Loan, are true and correct;

    F. If Lender requires me to obtain credit counseling in connection with the Program, I will do so; and

    G. I have made or will make all payments required under any Trial Period Plan or Loan Workout Plan.

    H. I have filed for bankruptcy protection and am currently in an active bankruptcy proceeding. I have obtained all necessary approvals for this Agreement from the U.S. Bankruptcy Court in which my proceeding is pending.

EXHIBIT A

2. **Conditions to Modification.**

   I understand and acknowledge that:

   A. If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that any of my representations in Section 1 are no longer true and correct or any covenant in Section 1 has not performed, the Loan Documents will not be modified and this Agreement will terminate. In that event, the Lender will have all of the rights and remedies provided by the Loan Documents;

   B. I understand that the Loan Documents will not be modified unless and until (i) the Lender accepts it by returning to me a copy of this Agreement signed by the Lender, and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

   C. I cannot make any alterations or changes to any term or provision of this Agreement without the written consent of the Lender.

   D. Notwithstanding any other provision in this Agreement, I will not be legally obligated to the Agreement until I make my first payment under the agreement on the Modification Effective Date, as defined in section 3 below.

3. **The Modification.** If my representations in Section 1 continue to be true and correct and all conditions to the modification set forth in Section 2 have been met, the Loan Documents will become modified as provided in this Agreement as of August 20, 2019 (the "Modification Effective Date"). The first modified monthly payment will be due on August 20, 2019.

   A. The new Maturity Date will be 180 months after the Modification Effective Date, which is July 20, 2034.

EXHIBIT A

B. The principal balance of my modified Loan will: (i) <u>include</u> all amounts and arrearages that are accrued and unpaid, including unpaid and deferred interest, real estate taxes, insurance premiums, and other out-of-pocket costs and expenses incurred by Lender in performing its servicing obligations (collectively "Capitalized Amounts"), totaling $10,699.72; and (ii) <u>exclude</u> unpaid late charges, insufficient fund fees and certain other home equity loan or line of credit-related fees, which will be forgiven. Any fees or charges incurred in connection with the servicing of your loan which were not invoiced before we calculated the Capitalized Amounts will appear on your monthly statement under "Fees and Charges." These amounts may be paid when billed or at any time afterward. They will not accrue interest or late fees. If they remain unpaid, they must be satisfied at the earlier of: (i) the date you sell or transfer an interest in the Property, (ii) the date you pay the entire New Principal Balance, or (iii) the Maturity Date.

C. I understand that by agreeing to add the Capitalized Amounts to the outstanding principal balance of my modified Loan, the Capitalized Amounts shall accrue interest based on the interest rate in effect under this Agreement. I also understand that this means interest will now accrue on the unpaid and deferred interest that is capitalized and added to the outstanding principal balance, which would not happen without this Agreement.

Unpaid late charges and insufficient fund fees incurred prior to the Modification Effective Date will be waived. Fees for optional loan product(s) you may have purchased with your Loan will <u>not</u> be waived.

D. The new principal balance of my Loan shall be the sum of the existing principal balance of my Loan and the Capitalized Amounts less any amounts paid to the Lender but not previously credited to my Loan. The new principal balance of my Loan will be $78,390.28 (the "New Principal Balance").

EXHIBIT A

E. Your loan will accrue at the rate established under the terms of the Loan Documents on the New Principal Balance through the new Maturity Date. The first new monthly payment on the New Principal Balance will be due on **August 20, 2019.** My interest rate and monthly payment amount will be stated in my monthly statements.

The New Principal Balance will be amortized over the period from the Modification Effective Date through the new Maturity Date. On each date on which a new interest rate begins, Lender will determine the amount of the monthly payment that would be sufficient to repay the unpaid principal balance that I owe on such date in full on the new Maturity Date at the new interest rate. The result of this calculation will be the amount of the new scheduled payment, which will be shown on my monthly statement.

If I have Credit Insurance, I understand that my monthly payments may include amounts for the premiums for my Credit Insurance. The amount of my monthly payments will be shown on my monthly statements.

I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

F. If my monthly payments are automatically being deducted from a deposit account under PayPlan, I understand that for my payments to draw at the new amount under this Agreement, I must cancel my existing PayPlan agreement (if I have not already done so) and enter into new PayPlan arrangements, by calling Servicer at 800.669.6650. During the time my PayPlan arrangements are canceled, I understand I must make my monthly payments under this Agreement by sending a check for the amount of my payment to the following address:

Bank of America, N.A.
Payment Processing
PO Box 660833
Dallas, TX 75266-0833

I understand that I may also make my payment by phone, by calling 800.669.6650 (for which there may be a fee).

I agree that if I make any payments for amounts included in the New Unpaid Principal Balance under this Modification Agreement, Servicer may apply those payments to the first payment due under this Modification Agreement on the Modification Effective Date, for amounts received during the month before the Modification Effective Date; or Servicer may apply those payments to reduce the Unpaid Principal Balance of my Loan.

In addition, I agree that any remaining unapplied amounts may be applied to reduce the principal balance of my Loan. I understand that all payments due

between the date Servicer sent this Modification Agreement to me and the Modification Effective Date are included in the New Unpaid Principal Balance.

G. I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

4. **Additional Representations and Agreements.** I represent and agree as follows:

A. All persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree; the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender has waived this requirement in writing.

B. The terms of this Agreement shall supersede the terms of any modification, forbearance, Trial Period Plan or Workout Plan that I previously entered into with Lender.

C. I will comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of the Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

D. The Loan Documents, as modified by this Agreement, are duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

E. All terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; and nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents. Except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

EXHIBIT A

F. I have a Home Equity Line of Credit ("HELOC") under my Loan Documents. If my ability to draw on the HELOC has not yet been terminated, I hereby consent to the termination of my ability to make future draws on my HELOC. This means that I will not be able to make further draws on my HELOC; that if an access card was issued in connection with my HELOC, that access card will be deactivated; and that if my HELOC provided overdraft protection as to one or more accounts, that overdraft protection will be terminated. If my HELOC is subject to one or more Fixed Rate Loan Options ("FRLOs"), all FRLOs will be terminated no later than the Modification Effective Date and, thereafter, any balance previously subject to a FRLO will accrue interest at the same rate as the New Principal Balance except to the extent that, by this Agreement, such balance is subject to a forbearance.

G. As of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, I agree as follows: If all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. However, Lender shall not exercise this option if state or federal law, rules or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

H. As of the Modification Effective Date, I understand that the Lender will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of my property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

I. As of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void.

EXHIBIT A

J. I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the Loan retains its lien position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void. I further agree to allow Lender to attach an Exhibit A to this loan modification which will include a Legal Description, recording information of the original security instrument, and any other relevant information required by a County Clerk's Office to allow for recording if and when recording becomes necessary for Lender.

K. I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Plan if an error is detected after execution of this Agreement. I understand that a corrected Agreement will be provided to me and this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrected Agreement, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Program.

L. Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity.

M. I agree that if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the original promissory note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the original note. All documents the Lender requests of me under this Section, shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

EXHIBIT A

In Witness Whereof, the Lender and I have executed this Agreement.
(Signatures must be signed exactly as printed, original signature required and no photocopies accepted.)

SIGN HERE ▶ _Stella A. Korotchen_ (signature)

Stella A. Korotchen

(Must be signed exactly as printed)

07 / 09 / 2019

Signature date (MM/DD/YYYY)

_____[Space below this line for Acknowledgement]_____

STATE OF __New York__

COUNTY OF __Suffolk__

On the __9__ day of __July__ in the year __2019__ before me, the undersigned, a Notary Public in and for said State, personally appeared <u>Stella A Korotchen,</u> personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument, the person or entity upon behalf of which the person or entity acted, executed the instrument.

WITNESS my hand and official seal.

_____ Notary Signature

__Maria M Martinez__ Notary Public Printed Name (exactly as printed on seal)

__08-13-2022__ Notary Public Commission Expiration Date

**(Please ensure seal does not overlap any language or print)**

**MARIA M MARTINEZ**
**Notary Public - State of New York**
No. 01MA6379355
**Qualified in Suffolk County**
My Commission Expires Aug. 13, 2022

EXHIBIT A

**DO NOT WRITE BELOW THIS LINE.**
*********************************************************************************
THIS SECTION IS FOR INTERNAL USE ONLY

Bank of America, N.A., for itself or as successor by merger to BAC Home Loans Servicing, LP By: Mortgage Connect Document Solutions, LLC, its attorney in fact

By: _____          AUG 1 2 2019
Name: **Stephanie Casillas**                Date
Title: **Assistant Secretary**

_____[Space below this line for Acknowledgement]_____

STATE OF _Colorado_
COUNTY OF _Denver_

On _12_ day of _Aug_ in the year _2019_ before me, __**CHOU VANG**__
Notary Public, personally appeared __**Stephanie Casillas**__
Assistant Secretary of Mortgage Connect Document Solutions, LLC, attorney in fact for Bank of America, N.A., personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____ Notary Signature

____**CHOU VANG**____ Notary Public Printed Name
(exactly as printed on seal)

___7/19/2022___  Notary Public Commission
Expiration Date

(Please ensure seal does not overlap any language or print)

```
CHOU VANG
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20184029368
COMMISSION EXPIRES 7/19/2022
```

Page 10

EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK – CENTRAL ISLIP
-------------------------------------------------------------------X
In Re:                                              Chapter 13

STELLA A KOROTCHEN,                 Case No. 8-13-75857-ast

               Debtor.
-------------------------------------------------------------------X

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the Notice of Presentment, Motion, and proposed Order thereon and a copy of these pleadings were mailed by U.S. First Class Mail on August 26, 2019 to the parties listed below:

Debtor
Stella A Korotchen
77 Thomas Lane
East Setauket, NY 11733

Trustee
Marianne DeRosa
Office of the Chapter 13 Trustee
100 Jericho Quadrangle
Suite 127
Jericho, NY 11753
Derosa@ch13mdr.com

Debtor's Counsel
Richard A Jacoby
Jacoby & Jacoby
1737 North Ocean Avenue
Medford, NY 11763
jacobylaw@yahoo.com

                                           Respectfully submitted,

                                           /s/ Jenelle C. Arnold
                                           By: Jenelle C. Arnold, Esq.
                                           Attorneys for Movant
                                           40 Marcus Drive, Suite 200
                                           Melville, New York 11747
                                           (631) 454-8059

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK – CENTRAL ISLIP
---------------------------------------------------------------X
In Re:                                                                                      Chapter 13

STELLA A KOROTCHEN,                                                         Case No. 8-13-75857-ast

                Debtor.
---------------------------------------------------------------X

### ORDER APPROVING LOAN MODIFICATION AGREEMENT

**WHEREAS**, Bank of America, NA ("Creditor"), by and through legal counsel, submitted a Motion to Approve Loan Modification Agreement ("Motion"), and

**WHEREAS**, Creditor having evidenced proper service upon all parties in interest, a hearing having been held, and there being no opposition to the relief requested by Creditor, it is hereby

**ORDERED**, Creditor's Motion is hereby **GRANTED**, and it is further

**ORDERED**, Creditor and Debtor may enter into the Loan Modification Agreement dated July 9, 2019 and attached to Creditor's Motion to Approve Loan Modification as Exhibit A, and it is further

**ORDERED**, any timely proof of claim filed in this case based on the loan and/or mortgage covered by the Loan Modification is deemed modified and governed by the Loan Modification.

**ORDERED**, the Chapter 13 Trustee shall stop making disbursements on Claim 15.

###